IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEMETRIUS LAREDO WALKER,

    Plaintiff,

v.                                        CASE NO. 1:17-cv-79-MW-GRJ

GARY HERRON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner currently incarcerated at Taylor Correctional Institution, initiated this case by filing a complaint under 42 U.S.C. § 1983, which he later amended. (ECF Nos. 1, 23.) Presently pending before the Court is the Amended Motion to Dismiss by Defendants Herron and Davenport. (ECF No. 24.) Plaintiff responded, ECF No. 27, and the motion is, therefore, ripe for review. For the reasons discussed below, the undersigned recommends that the motion to dismiss be granted in part.

### I. Plaintiff's Allegations

Plaintiff's claims against Defendants ("Officer Herron" and "Officer Davenport") stem from an incident at Mayo Annex on September 28, 2016.

Plaintiff alleges that while Defendants were counseling him in a medical holding cell, Officer Davenport said, "I know how to deal with stupid niggers like you!" Then as Officer Herron was placing Plaintiff in hand restraints, Officer Davenport told Officer Herron to "spray his ass." Officer Herron then sprayed Plaintiff with chemical agents five times total in the face, mouth, and ear. During this incident, Officer Davenport remained outside the medical holding cell and did not intervene or stop Officer Herron's actions. After the incident, Plaintiff was escorted to administrative confinement for decontamination shower. (ECF No. 23 at 9–10.)

Plaintiff says that as a result of the use of chemical agents by Defendant Herron, Plaintiff experienced pain in both of his eyes, specifically burning, swelling, and blurred vision for approximately four days. Plaintiff also says that he saw prison medical staff regarding the pain and blurred vision he was experiencing. (*Id.* at 10.)

Based on the above incident, Plaintiff says that Officer Herron and Officer Davenport violated his Eighth Amendment rights and Florida law. For relief Plaintiff requests a declaratory judgment, compensatory and punitive damages of $2,500 against each Defendant, costs in the suit, and any additional relief the Court deems proper. (*Id.* at 11–13.)

## II.  Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 566 U.S. 662, 680–86 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true"; further, to escape dismissal the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible").

A *pro se* litigant's allegations are entitled to the benefit of liberal

construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

### III.  Discussion

Defendants raise the following two arguments in their motion to dismiss. First, Defendants argue that because Plaintiff has failed to allege that he suffered the requisite physical injury, he is not entitled to compensatory or punitive damages. Second, Defendants argue that they are immune from Plaintiff's claim that they violated Florida law. Therefore, Defendants request that Plaintiff's state tort claim be dismissed and that his Eighth Amendment claim be for nominal damages only. (ECF No. 24.)

**A. The PLRA bars Plaintiff's claims for punitive and compensatory damages because Plaintiff has failed to allege more than a *de minimis* physical injury.**

Defendants first argue that Plaintiff is not entitled to claim compensatory or punitive damages because Plaintiff has failed to show that he suffered from more than a *de minimis* physical injury as required by the PLRA. As a result, Defendants say that Plaintiff is entitled to claim

nominal damages only. (ECF No. 24 at 4–8.)

Under the PLRA, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). According to the Eleventh Circuit, the PLRA precludes claims for punitive and compensatory damages absent a showing of physical injury. *Al-Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011) (citing *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007)).

"In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." *Mann v. McNeil*, 360 F. App'x 31, 31 (11th Cir. 2010) (quoting *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002)). Although the injuries must be greater than *de minimis*, the physical injuries need not be significant. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *op. reinstated in part on rehearing*, 216 F.3d 970 (2000).

According to Plaintiff's complaint, his injuries consisted of the

following: pain to both eyes, burning and swelling for approximately four days, and blurred vision. Plaintiff says that he filed several inmate sick-call requests regarding his injuries, that he received eye drops, and that he was seen by a certified optometrist as a result of his injuries. (ECF No. 23 at 10.)

The fact that Plaintiff suffered from the normal effects of chemical agents for four days does not mean that his injuries were more than *de minimis*, particularly where Plaintiff failed to state that he had any lasting injuries as a result of the chemical agents. *See, e.g.*, *Thompson v. Quinn*, No. 3:11cv533/RV/EMT, 2013 WL 2151715 (N.D. Fla. May 16, 2013) (burning sensation on body from chemical agents was not more than *de minimis* injury when there were no complaints after rinsing it off); *Robinson v. Tifft*, No. 3:11cv560/LAC/CJK, 2012 WL 2675467 (N.D. Fla. June 1, 2012) (burning eyes and temporary blindness from chemical agents did not constitute more than *de minimis* injury); *Honors v. Judd*, No. 8:10-cv-22-T-33AEP, 2011 WL 3498287 (M.D. Fla. Aug. 10, 2011) (burning face and eyes, headache, eye irritation, loss of vision, and scarring around eye were not more than *de minimis* as such injuries were typical results from exposure to chemical agents and there was no evidence of continuing

effects from the chemical agents); *Kornagay v. Burt*, No. 3:09cv281/LAC/EMT, 2011 WL 839496 (N.D. Fla. Feb. 8, 2011) (burning skin, choking, and difficulty breathing not more than *de minimis* injury).

Further, to the extent that Plaintiff attempts to allege that he suffered more than *de minimis* injury because he made sick-call requests and saw an optometrist, such facts fail to demonstrate that Plaintiff suffered from any injury other than pain, burning, and swelling of the eyes for four days—common effects from the use of chemical agents. This is particularly true in light of the fact that the attachments included with Plaintiff's complaint include records from a certified optometrist regarding Plaintiff's use of contacts due to being near-sighted (not treatment from injuries following the use of chemical agents) as well as inmate grievances in which Plaintiff never makes any reference to suffering an injury as a result of the use of chemical agents. (ECF No. 23 at 21–38.)[1]

Because Plaintiff has failed to allege that he suffered from anything more than *de minimis* physical injuries, he is precluded under the PLRA from bringing claims for punitive and compensatory damages. Accordingly,

---

[1] In Plaintiff's response to Defendants' motion to dismiss, Plaintiff states merely that "there is evidence showing that he suffered an injury." (ECF No. 27 at 7.) However, Plaintiff makes no further allegations as to the extent of this alleged injury.

*Case No: 1:17-cv-79-MW-GRJ*

Plaintiff is only entitled to pursue a claim for nominal damages.

**B. Based on the allegations in the complaint, Defendants have failed to show that they are immune under the Florida Statute from Plaintiff's state tort claim.**

Defendants next argue that they are immune from Plaintiff's state tort claim. Specifically, they say that because they are being sued in their individual capacity as employees of the Florida Department of Corrections, section 768.28(9)(a) provides them immunity from the state tort law claims. Consequently Defendants request that Plaintiff's state tort claim should be dismissed. (ECF No. 24 at 8–10.)[2]

Section 768.28(9)(a), Florida Statutes, provides in relevant part:

No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights, safety, or property.

With regard to the state tort claim of assault and battery, Plaintiff

---

[2] Defendants also argue that because they are immune, Plaintiff must sue the Florida Department of Corrections but that he cannot sue the FDOC in federal court based on Eleventh Amendment immunity. (ECF No. 24 at 8–9.) The Court need not address this argument, however, because Plaintiff said in his response to the motion to dismiss that he is suing Defendants in their individual capacity as personally liable for causing Plaintiff physical injury. (ECF No. 27 at 7.)

alleges that while he was in hand restraints and without warning, Officer Herron sprayed him with chemical agents a total of five times in the face, mouth, and ear. Further, Plaintiff alleges that he did not resist, threaten, or disobey a lawful command, nor did he make any aggressive move toward or touch Defendants or break any prison rules. According to Plaintiff, because he did not provoke Defendants and because there was no need for the use of chemical agents, the acts were done maliciously and sadistically. (ECF No. 23 at 9, 11.)

Plaintiff's factual allegations in his complaint are sufficient, at least at this stage of the proceedings, to plausibly allege that Defendants acted in bad faith, with a malicious purpose, or in a manner exhibiting a wanton and willful disregard of human rights or safety. Therefore, the Court cannot yet conclude that Defendants are immune under the Florida Statute, and Defendants' motion to dismiss the state tort claim is due to be denied.

## IV. Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Amended Motion to Dismiss by Defendants Herron and Davenport, ECF No. 24, should be **GRANTED in part and DENIED in part**. Plaintiff should be permitted to proceed on his claims for nominal damages only.

Plaintiff's state tort claim should be permitted to proceed.

**IN CHAMBERS** this 19th day of March 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.